EASTBURN AND DOWNES·*against* KIRK.

Where the parties, by mutual consent, withdraw a cause from the Court, before hearing, for the purpose of settlement by arbitrators, and on certain terms, one of which was, that " the question of costs in the chancery suits, being original and cross suits, should be submitted to the chancellor," the Court will not decide the mere question of costs, but leave each party to pay his own costs.

Costs rest in the sound discretion of the Court, to be exercised upon a full view of all the merits and circumstances of the case.

A rehearing is not granted for costs only, except in special cases; nor will an appeal lie for costs merely.

THE parties in this suit were copartners in trade, in the bookselling business, and on the 3d of *March*, 1815, the plaintiffs filed their bill to obtain a dissolution of the copartnership, on various charges of abuse of trust, and misconduct in the defendant, as a partner. The term of the copartnership had some years still unexpired. An injunction was obtained, prohibiting the defendant from interfering with the partnership business. This injunction was dissolved upon the coming in of the answer, denying all the charges of improper conduct. The cause was then *put at issue, and much testimony taken on each side. On the 10th of *July*, 1816, and before any hearing on the merits, the parties, by agreement under seal, dissolved the copartnership, and entered into a number of stipulations respecting the settlement of the concern, and referred a number of matters to the decision of arbitrators. It was further stipulated in the agreement, that " the question of costs in the chancery suits, (alluding to this suit and a cross suit instituted by the defendant,) be submitted to the chancellor."

In pursuance of this last stipulation, the correspondence between the parties prior to the filing of the bill, the pleadings, and the very voluminous mass of testimony, were submitted to the inspection and consideration of the chancellor, without note or comment.

THE CHANCELLOR. When a cause is taken out of Court before hearing, by a settlement between the parties upon some points, and by a reference to arbitration upon others, it does not appear to be fit and proper that I should be obliged to decide upon the merits, in order to determine a question of costs. Lord *Hardwicke* has said, (2 *Vesey*, 223.) that one can never come into this Court to pray a decree for costs only. Costs in chancery do not depend upon

*January* 20th.

[ * 318 ]

1817.

EASTBURN
v.
KIRK.

[ * 319 ]

any statute, nor do they absolutely depend upon the event of a cause. They depend upon conscience, and upon a full and satisfactory view and determination of the whole merits of a case. They rest in sound discretion, to be exercised under a consideration of all the circumstances. Am I then to agitate all the points, and judge of the weight of all the testimony, and draw all the inferences which an investigation of the subject might lead to, merely to determine a question of costs, after the parties have voluntarily withdrawn the cause? I believe there is no precedent for such a proceeding, and sound policy would *seem to condemn it. A litigation for costs only, is never favored in a Court of equity. A party cannot have a rehearing for costs only, except in special cases, and it is understood that an appeal will not lie merely for costs. The great burden of proof in this case is parol, and probably there is much difference and contradiction among the witnesses. On a discussion of the merits, it is always in the discretion of the Court to award an issue, if material facts are doubtful, and depend upon the credit due to various and contradictory testimony. Could I take such a step, or would it be tolerated, on such a question as this? If the parties have come to an accommodation, or are in a course of pacific settlement, is it useful or conducive to the ends of justice, that all this late angry controversy should be explored, discussed, and decided upon, merely to determine and declare on which side the whole or the greater fault lies? I am decidedly of opinion, that I ought not to undertake the examination for that purpose.

My opinion, therefore, is, that as the parties have withdrawn the cause before the hearing, and settled the merits out of Court, on terms acceptable to both, I ought not to discuss the merits merely for the costs; and consequently, that each party must pay his own costs, and that no costs can be charged by one party against the other.