## SUPREME COURT.

ALANSON HINDS agt. AUSTIN MYERS, JACOB RANKINS and JEREMIAH ROBINSON.

Where three defendants were sued in an action of assault and battery, and appeared separately and defended by different attorneys, a verdict rendered against one of them, and the other two acquitted; *Held*, that under sections 304 and 305 of the code, the defendants acquitted were entitled to costs against the plaintiff. Section 306 was held to refer to equity causes of action as formerly understood.

*Fulton County Circuit and Special Term, May* 21, 1850.—This was an action for an assault and battery. It was tried at Herkimer circuit in April last. The plaintiff recovered a verdict against Robinson of $25 damages; but the defendants Myers and Rankins had a verdict of not guilty. The defendants appeared by different attorneys, and pleaded separately. The plaintiff's attorneys served a copy of a bill of charges and disbursements on the attorneys of the defendants, with a notice of application to the clerk of Herkimer county for the adjustment thereof. The attorneys of the defendants each served a copy of a bill of charges and disbursements, with notice of application to the same clerk at the same time, for their adjustment and insertion in the judgment roll in favor of their respective clients.

On the day appointed, the attorneys of the respective parties appeared before the clerk, and after the costs against Robinson had been adjusted, the counter bills were presented for adjustment, to which the plaintiff's attorneys objected, on the following grounds:

1. The plaintiff was entitled to costs in the action, and, therefore, the defendants could not be allowed to recover costs in the same action. (Code, § 305.)

2. The defendants have not obtained any order from the court allowing them to recover costs in the action, (Code, § 306.)

The county clerk sustained the objections, and refused the defendants' application, and permitted the plaintiff's attorneys to perfect their judgment against Robinson for his damages and costs.

The defendants made a motion in the nature of an appeal, at the Fulton county circuit for an order requiring the clerk of Herkimer county to adjust, on proper notice, their charges and disbursements, and to correct the judgment roll by adding thereto a judgment in their favor for the amount.

E. S. CAPRON, *for the motion*, insisted that his clients were the prevailing party," within the meaning of section 303 of the code, as between themselves and the plaintiff; that section 305 was to be construed together with section 303, and to be read thus : " Costs shall be allowed of course to the defendant *in the actions* mentioned in the last section, unless the plaintiff be entitled to costs therein," *against such prevailing defendant;* that section 306 referred " to *other actions*" than those referred to in section 304, which includes only actions at law, and therefore no order of the court was necessary for the defendants in this case.

L. FORD, *opposed*, insisted upon the same points made before the county clerk ; and also, that the words, " in other actions," contained in section 306, refer to all actions in which there are several defendants, some of whom have a verdict in their favor on the trial and without reference to the character of the action as legal, or equitable. He also insisted that the motion for an order allowing the defendants' costs, if necessary, should have been made at the coming in of the verdict, at the trial.

WILLARD, Justice, decided substantially, that although the code had abolished the distinction of the forms of action which formerly existed, and had provided that all causes of action should be instituted in one form, yet, for the purposes of costs at least, it had recognized the character of actions as formerly understood. It was so in section 304 ; all the causes of action therein enumerated were, under the old order of legal proceedings, actions at law. Section 305 referred to them only, and was to be interpreted as if it read thus : " Costs shall be allowed, of course, to the *defendant* in the actions mentioned in the last sections, unless the plaintiff be entitled to costs therein," *against him*. He held that the words, " other actions," contained in section 306, referred to other causes of action than those enumerated in section 304 ; and there being no other than equity causes of action, the former action referred to such only.

Ordered accordingly, that the motion be granted, but without costs thereof to either party.