## JOYCE a. THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas ; General Term, March,* 1861.

APPEAL.—CONSTITUTIONAL LAW.—OPENING JUDGMENT AGAINST THE CITY OF NEW YORK.—COSTS.

An order made on the application of the comptroller of the city of New York, under the act of 1859, to. open a judgment against the Corporation, is an order made on summary application after judgment, and affecting a substantial right, and therefore an appeal will lie from it, under subdivision 5 of section 349 of the Code.

The Act of 1859 (*Laws of* 1859, 1123, ch. 489, § 5)—allowing judgments against the city of New York to be opened on application of the comptroller—is not unconstitutional.

The costs on an order made on such an application are within the discretion of the judge, and the court will not, on appeal, review the decision of the judge in that respect.

Appeal from an order granting an application of the comptroller, to open a judgment against the city.

The facts are stated in the opinion.

*George R. Thompson,* for the appellants.

*Elbridge T. Gerry* and *William Curtis Noyes,* for the respondents.

BY THE COURT.*—HILTON, J.—This action appears to have been brought to recover of the defendants the damages which the plaintiff claims to have sustained by reason of the refusal of the city inspector to award him a contract for filling in certain sunken lots in this city. The case, although not in its nature referable, was, by the consent of the late corporation counsel, referred to a sole referee to hear and determine. Upon a report in favor of the plaintiff, judgment has been entered against the defendants for $2,237.10.

Under the authority contained in the "Act to authorize the Supervisors of the City and County of New York to raise money by tax," passed April 19, 1859 (*Laws of* 1859, 1123, § 5), the comptroller applied at special term to open and vacate the judgment, to enable the Corporation to defend the suit; stating as a ground therefor, his belief that the judgment had been obtained by collusion, and was founded in fraud; also, that the plaintiff was not the lowest bidder for the contract respecting which the action was brought, and that the damages awarded by the referee exceeded the amount actually paid to the contractor to whom the work was given.

From the order granting the application the plaintiff appeals, claiming that the act referred to is unconstitutional and void; that the facts stated by the comptroller were insufficient to justify making the order; also, that the order was erroneous in not allowing costs to the plaintiff on opening the judgment, inasmuch as it did not appear that he was in fault.

On the other hand, it is contended that the order made is not appealable without obtaining the certificate of the judge making it, under the rule of this court of March 22, 1851, and which has not been procured.

Each of these propositions may be very briefly disposed of.

I. The order was made upon a summary application in an action after judgment, and affected a substantial right. It was therefore within the class of orders specified in subdivision 5 of section 349 of the Code, as subject to revision at general term.

II. The constitutionality of the Act of 1859 was examined by Judge Daly in Outwater *a.* The Mayor, &c., of New York

---

* Present, DALY, F.J., BRADY and HILTON, JJ.

(18 *How. Pr.*, 572), and we agree with him in the views there expressed.

III. The facts disclosed in the affidavits and on the order at special term, in our opinion warranted the judge in making the order which is the subject of this appeal.

IV. The costs on a motion rest in the discretion of the judge at special term, to be exercised by him upon a consideration of all the circumstances presented; and his decision in this respect we will not review on appeal. (Perry *a.* Moore, 2 *E. D. Smith*, 32; Eastburn *a.* Kirk, 2 *Johns. Ch.*, 317; Travis *a.* Waters, 12 *Johns.*, 500.)

Order at special term affirmed, with $10 costs.