## SUPREME COURT.

### ULREKA LANZ and others, agt. JOSEPH TROUT.

In an action at *law*, where an *equitable defense* is interposed, and judgment is ordered for the defendant on such defense, *without costs* to either party, upon which *order* the defendant enters judgment with taxed costs, a motion, by the plaintiffs, to strike out such costs will be denied.

It being an action at law, the court or referee has no discretion as to which party shall have costs; the Code governs the costs and the right to costs.

*Oneida Special Term, October,* 1873.

THIS was an action brought to recover the possession of real estate, and the defendant interposed an equitable defense, and the issues were referred to Hon. Charles Mason, who reported against the plaintiffs, or, in other words, in favor of the equitable defense, and directed that neither party should recover costs.

The defendant taxed his costs and entered judgment therefor, from which the plaintiffs brought an appeal, and then served a notice that they abandoned the appeal; but defendant went on with the appeal and took an order affirming the judgment.

The plaintiffs moved, before the appeal was heard, to strike out the costs taxed in favor of the defendant. That motion was ordered to be heard at this term.

     G. C. CARTER, *for motion.*
     JOEL WILLARD, *opposed.*

HARDIN, *J.*—This motion presents the question, has a referee or court any discretion as to costs in an action of this character, or, in other words, when a law action is stated in a

Lanz agt. Trout.

complaint and an equitable defense in the answer, upon the defendants prevailing, can the court direct as to costs, or shall the prevailing party be allowed costs in virtue of the statutory provisions as to costs?

That question has been passed upon in this district and the discretion denied, and the statute held to govern.

Judge MORGAN says, in delivering the opinion of the court in *Cythe* agt. *La Fontain :* "The Code has not made any provision in such a case authorizing the court to deal with the question of costs, but the costs are chargeable to the plaintiff" * * (51 *Barb.*, 195; *General Term, January*, 1868; *see also Bradley* agt. *Aldrich*, 40 *N. Y.*, 509).

It was held in *Townsend* agt. *Hendricks* (40 *Howard*, 164) that an action, not in its nature referable, cannot be rendered so by an answer setting up a counter-claim, rendering the examination of a long account necessary (*See opinion of* RAPALLO, *J.*).

That case seems to treat the complaint as the proper pleading, from which to determine the nature or character of the action.

It must be held, in accordance with the cases cited, that this was a law action, and one named in sections of the Code governing costs and the right to costs, and that the referee or court had no discretion in respect to which party should have costs.

That was settled by the statute, and the recovery by the defendant or the defeat of the plaintiffs.

It was held in *Chapell* agt. *Churchill* (12 *How.*, 367) that such erroneous direction could not be disregarded by the clerk, and the costs were stricken out; but, upon another motion, the same learned judge allowed an order amending the judgment so as to allow costs to the plaintiff and appellant.

But since that case was disposed of, this court, at a general term in this department, in *Hees* agt. *Nellis, adm'r, &c.* (1 *vol. Sup. Court Repts., Thompson* agt. *Cook, p.* 121), has held

Lanz agt. Trout.

that where a party was clearly entitled to costs, a judgment entered for costs would not be set aside, though the established practice would have required the party entering such judgment for costs to apply, on motion, for an order allowing costs.

The principle of that case is controlling here, and, therefore, the judgment, so far as it gives costs to the defendant, must be permitted to stand.

It is not necessary to pass upon the effect of the appeal and the order of affirmance of the judgment entered.    The same result is reached in this case, if it be assumed that the appeal was abandoned, or if it be assumed that the general term affirmed the judgment as entered.

The motion to set aside so much of the judgment as awards costs to the defendant must be denied, with ten dollars costs.