[Moses et al. .v. Dade.]

# Moses *et al. v.* Dade.

*Bill in Equity to remove Cloud on Title, and to compel Party in Possession to restore Lands.*

1. *Conveyance by wife; what will not avoid.*—Where husband and wife, on valuable consideration, convey her lands to another by deed duly executed and acknowledged, she can not impeach it, as against the grantee, because of the fraud or undue influence of the husband, in which the grantee did not participate, which he has not induced, to which he is not a privy, and of which he was not informed

2. *Same; execution of; how brought to notice of court pending wife's suit for property; effect of.*—Where, pending the wife's suit to have the lands restored to her, she and her husband, on valuable consideration, execute a conveyance of them to the defendant, by deed duly executed and acknowledged, such defense is properly brought to the notice of the court by cross bill; and the deed is valid, and a bar to the further maintenance of the wife's suit.

APPEAL from Chancery Court of Mobile.

Heard before Hon. HURIOSCO AUSTILL.

The original bill was filed by the appellee, Henrietta Dade, against one Clayton, Isaac C. Moses, and Morris Dade, complainant's husband. Its purpose was, to have a deed of certain realty, made by complainant and her husband, to one Clayton, annulled and cancelled as a cloud on her title, and to compel Moses, who, it was alleged, was in possession, claiming through a conveyance from Clayton, under circumstances not constituting him a *bona fide* purchaser for value, to restore possession to her. It was afterwards amended by making LeBaron, and Mrs. Esther McDade, parties defendant.

The facts, as disclosed by the pleadings and testimony, are that Mrs. Dade owned the premises in controversy, and desiring to sell them, she and her husband, on the 28th day of December, 1868, (she not then being of age,) to facilitate the sale, gave Clayton, her agent, a deed for the premises, properly executed in all respects, except that the name of the grantee was left blank. Clayton, in fraud of complainant, and without her knowledge, filled up the blank with his own name, and had the deed recorded. Previous to this Clayton, who had been a man of means, was considerably indebted to Moses, and being pressed by Moses for the money, gave him a mortgage on the premises to secure a part of it, Moses then having no reason to suppose Clayton did not own the property.

[Moses et al. v. Dade.]

The mortgage debt not having been paid, Moses filed his bill against Clayton for foreclosure, obtained a decree, and sale was had, at which LeBaron became the purchaser. He afterwards conveyed to Moses, and Moses in turn conveyed to LeBaron, as trustee for his wife Esther, and under that deed and claim of title, said Esther was in actual possession of the premises at the time of the filing of the bill and trial of the cause.

While the cause was pending, Mrs. Dade having then reached majority, she and her husband, in consideration of two hundred and fifty dollars, cash paid by said Esther, conveyed the premises in controversy by warranty deed, to said Esther. This deed was duly acknowledged by husband and wife, before a justice of the peace, who certified it according to the form prescribed by law.

This having occurred since the institution of the suit, said Esther, in her answer setting up said deed, "propounded the same in the nature of a cross bill, on plea *puis darrien continuance*," and asked appropriate relief accordingly.

Mrs. Dade answered, admitting the execution of the deed, and the payment as stated, but averred that the execution of the deed was procured by fraud. The evidence shows that her husband, while the suit was pending, importuned Moses to make a payment of two hundred and fifty dollars to Mrs. Dade and get a deed, and end the whole litigation. He told his wife, however, that her suit had failed, and she could either take this or nothing; and acting on this representation she executed the deed. There is no proof whatever showing that Moses or his attorney, or Mrs. Moses, knew of these representations, or in any way connived at the fraud perpetrated upon Mrs. Dade by her husband.

The evidence as to the value of the premises, was conflicting, some of the witnesses estimating it at $1,000, and others rating it as high as $1,500.

The amount of the mortgage debt to Moses was over seven hundred dollars, and prior to making the conveyance to Mrs. Moses, Mrs. Dade and her husband had conveyed one-half of the premises to third persons.

The Chancellor dismissed the cross bill; overruled a demurrer to the original bill, based on the adequacy of the remedy at law; and rendered a decree granting the relief prayed.

This decree is now assigned as error.

WATTS & WATTS, and RAPHAEL SEMMES, for appellant.— Complainant below showed that she was out of possession and another was in possession claiming title. Ejectment

[Moses et al. v. Dade.]

was an adequate remedy. The last deed of Mrs. Dade and her husband, if valid, certainly defeats her suit. Whatever may have been her rights, up to that time, no court could grant her relief after that deed was proved. The only fraud proved, in connection with this deed, is that Mrs. Dade's own husband practiced on her. She does not connect any other defendant with it, and Mrs. Moses was a *bona fide* purchaser for value, without notice.—*Miller v. Marx*, 55 Ala.

ANDERSON & BOND, *contra.*—The real issue, in this case, depends on the validity of the conveyance of the premises, pending suit, by appellee to Mrs. Moses. Appellee was a married woman—her estate a trust estate in custody of the court—and being under disability to contract with reference to it, the court would in no event allow her to be turned out of court, until it is made to appear that the settlement was fair, just and equitable under the circumstances. The price paid was inadequate, and that was enough to put suspicion in the transaction. Couple with this the undisputed misrepresentation made by the husband, and the attitude the parties occupied before this, and it is difficult to resist the conclusion that the appellants knew of the means practiced to procure the wife's signature to the deed. The original bill was not without equity—chancery alone had jurisdiction to remove the cloud on appellee's title, and obtaining it for that purpose, would go on and do complete justice.

BRICKELL, C. J.—It is not now necessary to inquire whether the original bill presents a case within the cognizance of a court of equity, or whether the right and remedy of the complainant was not solely at law. The matter of a plea *puis darrien continuance*, at law, is often available in equity only by cross-bill. A matter of defense, arising after issue joined, as a release executed by the complainant to the defendant, can be introduced only by cross-bill.—Story's Eq. Pl. § 393; *Cochran v. Rison*, 20 Ala. 463. The cross-bill disclosed that pending the suit, the complainant and her husband had, by deed executed and acknowledged in the form prescribed by the statute, conveyed the premises in controversy to the appellant, Esther. If this conveyance is valid, though it be conceded to the complainant there was equity in the original bill, its operation is a release of the right involved.

In the answer to the cross-bill, (and the allegation is supported by the evidence of the complainant,) it is averred she was deceived into the execution of the conveyance by the fraudulent misrepresentations of her husband. It is not

[Moses et al. v. Dade.]

averred, and is not shown by evidence, that the grantee or her husband, who paid the consideration, was privy to, or informed, or in any way whatever participated in these misrepresentations. The conveyance is executed and acknowledged, and the acknowledgment certified by an officer, the statute authorizes to take and certify the acknowedgment of conveyances of the real estate of married women. If the husband were claiming a right under the deed, it may be, these fraudulent and false representations would avoid it. The complainant knew she was not conveying to him, but to her adversary in a suit, which, if she did not know or believe was then pending, she knew had been, and if she was misled and deceived by the representations of her husband, she must accept the consequences of her misplaced confidence. They can not be visited on those who dealt fairly and in good faith with her, relying on her solemn acknowledgment before an officer of the law, that informed of the contents of the conveyance, she freely and voluntarily executed it.—*Miller v. Marx*, 55 Ala. 323. There is not a fact or circumstance to be found in this record, casting the shadow of suspicion on the *bona fides* of the conveyance, as to the complainant and the grantee, and it is impeached only because the complainant had the folly to rely on the statements of her husband, who, for his own selfish purposes, deceived her. It is very easy to make such an imputation on any conveyance a wife may execute, and it can never be disproved, when made, without the aid of the husband. Such aid will rarely be afforded; and most often he will, now that a statute opens a door to him, be the ready and convenient witness, to crown himself with dishonor, that the wife may be restored to that of which she had parted, and he restored to partial ownership of it. When husband and wife, on a valuable consideration, execute a conveyance to another, it can not be impeached because of the fraud or undue influence of the husband, (duress not being shown,) in which the grantee does not participate, which he has not induced, to which he is not privy, and of which he is not informed.

The decree of the Chancellor must be reversed, and this court, proceeding to render the decree which ought to have been rendered, doth order, adjudge and decree, that the deed of the premises in controversy, made by the complainant Henrietta T. Dade and her husband Morris H. Dade, to Esther Moses, bearing date 17th day of July, 1871, is valid and operative, and is a bar to the further continuance of this suit. It is further ordered, adjudged and decreed, that the defendant, J. Clifton Moses, pay the costs of the original suit, to be taxed by the register, which had accrued prior to the 17th day of July, 1871.

[Fincher v. The State.]

It is further ordered, adjudged and decreed, that the costs of the original suit, accruing subsequently to the 17th day of July, 1871, and of the cross-bill, in the Court of Chancery, to be taxed by the register, be paid by Whitfield Trower, the next friend of the complainant Henrietta T. Dade. The costs of this appeal must be paid by said next friend.