CATHARINE BLACK, Respondent, *v.* DENNIS O'BRIEN, MARY O'BRIEN, PATRICK CROWLEY AND ANN CROWLEY, Appellants.

*Costs—in equitable actions, costs are in the discretion of the court.*

In an action brought by a judgment creditor to set aside, as fraudulent, a conveyance of land made by the debtor, the costs are in the discretion of the court.

The rule that, in equitable actions, costs are in the discretion of the court, was not altered or affected by the adoption of the Code of Procedure.

APPEAL from an order made at Special Term, setting aside a judgment for costs entered by the defendants.

*A. Pond,* for the appellants.

*John Van Rensselaer,* for the respondent.

LEARNED, P. J. :

This was an action, in the nature of a creditor's bill, to set aside conveyances of land made by the judgment debtor O'Brien, to defendant Crowley, and by him to the judgment debtor's wife.

On the trial, the complaint was dismissed : the order of dismissal saying, without costs. The defendant thereupon entered a judgment against the plaintiff for costs; claiming that, in such an action, costs were a matter of right. The Special Term set aside the judgment, and the defendant appeals.

The case of *Van Wyck* v. *Baker* (18 Sup'm. Ct., 309) does not decide this question. For the court only said that that action *seemed* to be within section 304, Old Code. And they proceeded to hold that even if costs were discretionary in the court, such discretion had previously been exercised by the General Term, and that such discretion could not afterwards be modified by the Special Term. So that the court held that the order appealed from must be reversed, whether the action came under section 304 or 306. Therefore the case does not decide under which section it comes.

Nor does the case of *Wood* v. *Hollister* (3 Abb. Pr., 14), holding that an action like this is local, determine the question; because section 123 is different in its language from section 304. The former speaks of "the determination, in any form, of any interest in real property;" thus using the most extended language possible. The latter is limited (in subdivision 1) to an action for the recovery of real property or a claim of title to real property.

Now, an action to set aside a conveyance as fraudulent against a creditor is not for the recovery of real property. The plaintiff does not recover the land, if successful. Nor does a claim of title to real property arise. The plaintiff does not claim title to the land. While yet, in the language of section 123, in some form, an interest in real property is determined, and therefore the action is local.

So again, the case of *Nichols* v. *Voorhis* (74 N. Y., 29) only decided that an action to vacate an assessment on land as void was not an action "affecting the title to real estate or an interest therein," under chapter 322, Laws 1874. It did not construe the language of section 304, Old Code, subdivision 1. No other cases than these two are cited by the appellant.

Now, if we look at section 304, we shall see that (unless actions of the same kind with the present be an exception), all of the actions therein mentioned are actions at law, to use the old language. While section 306, embracing other actions, takes in the whole class of equitable actions, we may naturally suppose that the framers of the Code intended that, in equitable actions, costs should continue to be, as they had previously been, discretionary. That rule had been long settled and was sound. (*Eastburn* v. *Kirk*, 2 Johns. Ch., 317.) There is no positive and unmistakable language changing it, and we must hold that it still continues in all equity actions. (*Taylor* v. *Root*, 48 N. Y., 687.)

For these reasons the order should be affirmed, with $10 costs, and printing disbursements.

BOCKES, J.:

The learned judge before whom this action was tried without a

jury, dismissed the complaint without costs; that is, without costs to either party against the other. This direction as to costs, must however be disregarded in case the defendants, who were the successful parties on the record, were entitled to costs as a matter of absolute right by law. If the statute gives costs to a party in express terms, the court has no authority over the subject. In such case the right to costs depends upon the statute, not upon the fiat of the court; and in entering the judgment the clerk must follow the statute. (*Lanz* v. *Trout*, 46 How. Pr., 94, and cases there cited.) So, too, if he make an improper entry in that regard, the error will be corrected on motion. (*Same case;* but see *Lossee* v. *Ellis*, 13 Hun, 655, and cases there cited; also *Morris* v. *Wheeler*, 45 N. Y., 708.)

The question, then, is, whether costs in this case are expressly given by statute to the party succeeding on the issues raised by the pleadings. The action was in equity, and was brought by a judgment creditor of one of the defendants to set aside a conveyance of real property for fraud. It has been held, with a single exception (*Rawls* v. *Curr*, 17 Abb. Pr., 96), that this action belongs to the class denominated local, with a view of determining the place of trial (*Wood* v. *Hollister*, 3 Abb. Pr., 14; *Starks* v. *Bates*, 12 How. Pr., 465); and so it was held in *Van Wyck* v. *Baker* (11 Hun, 309), and in *Nichols* v. *Voorhis* (74 N. Y., 28), that such actions raised or involved a claim of title to real property. On the strength of these decisions it is insisted that this case comes within the purview of subdivision 1 of section 304 of the Code of Procedure, and that costs are to be allowed of course to the prevailing party on the record, inasmuch as "a claim of title to real property arises on the pleadings." (Code of Pro., §§ 304, subd. 1, and 305.) This position of the appellant's counsel was sustained in *Van Wyck* v. *Baker* (11 Hun, 309.) But we question the soundness of this decision. It stands unsupported by any other case, and is contrary to the accepted practice, ever since the Code went into effect in 1848. It has been supposed that in all equity actions costs were in the discretion of the court under section 306, the same as before the Code was adopted. It was supposed that the actions referred to in section 304 were actions at law, and that the "other actions" alluded

to in section 306 were actions. in equity, and embraced all equity actions. That · the. Code had brought about no change in the law in this regard, was laid down by MARVIN, J., in *Downing* v. *Marshall* (37 N. Y., 384). The learned judge,. after considering the general subject of costs, and the several sections of the Code relating to their allowance, says that "·other. actions". in section 306 "includes actions previously known as suits in·equity, and thus the *discretionary power* of the old Court of Chancery, derived from an act of Richard II., whether costs shall· or shall not be *awarded*, and if awarded, which party shall pay for them, is fully preserved." The same view of this question was entertained by Judge WILLARD, who, in 1850, after the Code was adopted, in *Hinds* v. *Myers* (4 How. Pr., 356), declared the same conclusion. The learned judge there says : that all the causes of action enumerated in section 304, were, under the old order of legal proceedings, actions at law, and he held that the·words "other actions," contained in section 306, referred to suits in equity. That costs were in the discretion of the court in equity actions has been repeatedly declared by the courts in general terms ; and the right. to grant or withhold costs in those actions has been deemed to be an important element ·in the administration of equity jurisprudence. So it was laid down in *Eastburn* v. *Kirk* (2 Johns. Ch., 318), that costs in equity "do not depend upon any statute, nor do they absolutely depend upon the event of a cause. They depend upon conscience, and upon·a full and satisfactory view and determination of the whole merits of a case. They rest in sound discretion, to be exercised under·a consideration of all the circumstances." It was in view of this equitable principle that costs were refused to the prevailing party in *Webb* v. *Daggett* (2 Barb., 9–13), a case of creditor's bill like the present one. Now if, according to the remark of the court quoted from the case in 37 N. Y., this right of discretion " is fully presumed " since the adoption of the Code, then subdivision 1 of section 304 has no application to equity suits. This section, then, must be deemed to apply only to actions at law ; and it was so held by this court in *Law* v. *McDonald* (9 Hun, 23–28). The decision in *Hauselt* v. *Vilmar* (76 N. Y., 630), is inferentially, although· not perhaps directly, to the same effect ; that is, to the effect that,

in a case like the present, the granting or withholding of costs is in the discretion of the court. An examination of the record in the case cited shows that the action was brought to set aside a transfer or conveyance of both real and personal property for fraud. Like the case in hand, a claim of title to real property arose on the pleadings. The complaint was dismissed, with costs to both defendants, who made separate defenses. The Court of Appeals held that such allowance of costs was in the discretion of the court. This case did not come under the second paragraph of section 306, because the plaintiff failed to recover against either of the defendants. See *Williams* v. *Cassady* (22 Hun, 180), wherein construction was given to this provision of the Code. The discretion, then, declared by the Court of Appeals, existed because of the fact that the action was in equity. And this view seems to be confirmed by the action of that court, which awarded costs on the appeal under an equitable view of the case. Although that court affirmed the judgment of the Supreme Court entirely, as to both defendants, yet full costs were awarded to one defendant, and *disbursements* only to the other. The closing paragraph of Judge EARL's opinion, which is before us in MSS., is as follows : " The judgment must therefore be affirmed, with a full bill of costs in this court, in favor of the defendant Zay, and disbursements in favor of defendant Vilmar."

We are therefore led to the conclusion that section 304 has reference to actions at law only; and that " other actions " in section 306 has reference to and embraces all equity actions.

Again, unless this be held to be the true construction of sections 304, 305, and 306, when read together, costs are given as matter of law to the prevailing party in all equity actions; for, by subdivision 3 of section 304, costs are given to the prevailing party " in the actions of which a court of justice of the peace has no jurisdiction." Justices courts have no jurisdiction of equity actions, hence, by a literal reading of subdivision 3 of section 304 (the same as is claimed for subdivision 1) the prevailing party in equity action would have costs by force of the law itself. But it has been held that subdivision 3 of section 304 should be deemed to refer to actions of which a justice of the peace has no jurisdiction, accord-

ing to section 54 of the Code of Procedure, which, with the preceding section (53) defines the jurisdiction of that court. This construction of subdivision 3, will, then, leave section 304 still to have application only to actions at law.

In conclusion, therefore, it follows, that in all actions in equity the granting or withholding of costs rest in the discretion of the court, to be exercised according to conscience, upon a full view of the whole merits of the particular case; the same since as before the adoption of the Code of Procedure. We do not think that any principle applicable to equity jurisprudence was intended to be destroyed by the Code; and we think that the line of authority since its adoption sustains this view.

The order appealed from should be affirmed.

Present—LEARNED, P. J., and BOCKES, J.

Order affirmed, with $10 costs, and printing disbursements.