## Allen *v.* Lewis.

*Bill in Equity for Rescission of Contract, Cancellation of Deed, and Account of Rents and Profits.*

1. *Costs in equity.*—In equity, as a general rule, costs may be decreed against either party, or may be apportioned, at the discretion of the chancellor; and an error in this regard, if there be nothing more in the case, is not a ground of reversal.

2. *Same.*—To call this discretionary power into exercise, the cause must have been submitted, either in whole or in part, to the chancellor for decision; and this is not done where the complainant dismisses his own suit, thereby assuming the costs he has caused. But, where the defendant, after answer filed, buys his peace, or purchases the complainant's asserted cause of action; the complainant binding himself to dismiss his suit, but failing to do so, whereby the defendant is forced to set up the release by supplemental or amended answer; and the cause is then submitted on his motion to dismiss the bill, in accordance with the stipulation in the release; the judicial functions of the court are called into exercise, and the decree as to costs is not revisable.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 12th March, 1880, by John Lewis, against John A. Allen and others; and sought the rescission of a contract, by which complainant sold and conveyed to said Allen a tract of land, a cancellation of the conveyance, and an account of the rents and profits of the land while in the possession of the several defendants. The land contained eighty acres, and the price paid was $15. The complainant had bought the land from one Culver, and had paid for it, but had not received a conveyance; and Culver afterwards executed a conveyance, at the instance of complainant, to said John A. Allen. The contract between complainant and said Allen was made in April, or May, 1877; and the com-

plainant sought a rescission of it, on the grounds of fraud and inadequacy of consideration. The bill alleged, that there was a valuable deposit of coal on the land, which made it worth several thousand dollars; that this fact was well known to said Allen when he proposed to buy the land, he having had it examined by experts; that he falsely represented to complainant, who was of weak mind, and reposed great confidence in him, that there was no coal on the land, and that he wished to buy it for a homestead, being advised by physicians to move up on the mountain for the benefit of his health; that Allen in fact bought the land for the benefit of a company, or partnership, composed of himself and ten others (all of whom were made defendants to the bill), who were engaged in mining for coal, and to whom he afterwards conveyed ten-elevenths of the entire interest in the land; that said defendants engaged for a while in mining for coal, and afterwards leased the land to John B. Gordon, E. C. Gordon, and W. S. Gordon (who were also made defendants to the bill), who paid them a high rent, and were digging coal on the land when the bill was filed. An answer to the bill was filed by said John A. Allen, in which he denied all the charges of fraud, and the allegations of facts tending to show fraud, misrepresentation, or inadequacy of consideration; and he alleged that the discovery of coal on the land, and the formation of a company for mining it, were subsequent to his purchase. B. B. Allen, who was the father of said John A., and one of the company to whom he had sold the principal interest in the land, joined in this answer; and he afterwards filed an amended answer, pleading that he was a purchaser for valuable consideration without notice. A "joint and several answer and plea" was also filed by the other members of the company, or partnership, in which two other persons joined who were not mentioned in the bill, as the names are copied in the transcript. No answer was filed by the Gordons, nor was any decree *pro confesso* taken against them.

At the January term, 1882, as the minute-entry recites, "the defendants who have answered move the court for leave to file a supplemental answer, setting up supplemental matter, being a deed of conveyance from complainant and wife to John A. Allen, executed January 16th, 1882, and also to dismiss the bill of complaint, as per the terms of said conveyance, which is made an exhibit to said answer; and on motion of complainant's solicitors, said motion to dismiss is continued, and said cause is also continued." This deed, as shown by the exhibit, recites the pendency of this suit, and the present payment of one hundred dollars as its consideration; and the grantors, complainant and wife, in consideration thereof, sell and convey to said John A. Allen, "his vendees and assigns,"

[Allen v. Lewis.]

all their title and interest in the land, release them from all liability for rents and profits, and agree to dismiss the suit at the next term.   At the next term, the cause being submitted upon these motions, the chancellor rendered a decree dismissing the bill, and then proceeding thus : " And it also appearing that the said defendant John A. Allen paid to the said complainant a sum of money therein. named, in consideration of the said deed and the title in fee thereby conveyed, and that the matters in controversy between said parties, complainant and defendants who pleaded and answered, were thus arranged and settled, and that all claim of the complainant ' to damages, rents, issues and profits in said land,' was thus ' acquitted and released ;' it is therefore further ordered and decreed, that the said defendants, John A. Allen, Jesse W. Isbell, John Berry, William Berry, Samuel Latham, Jonathan Latham, and William Latham, pay the costs of this suit; for which let execution issue."

The appeal is sued out by these defendants, and they here assign as error the decree imposing the costs on them.

ROBINSON & BROWN, for appellants, cited 3 Danl. Ch. Pr., §§ 1516, 1547; 2 Ib. 1380–81 ; Brooks v. Byam, 2 Story's Rep. 553 ; Beames on Costs, 22 Law Library, 3, 4, 29 ; 6 Vesey, 41. mar.; 18 Vesey, 423 ; 2 Beasley, N. J. Eq. 211 ; 7 Halst. 363 ; 2 John. Ch. 317.

STONE, J.—As a general rule, costs in equity may be decreed against either party, or may be apportioned, in the discretion of the chancellor; and an error in this regard, if there be nothing more in the case, is no ground for a reversal. 1 Brick. Dig. 733, §§ 1374–5.   We have rulings which slightly modify this rule, and hold that, if a substantial question be presented on appeal, the decree may be varied as to costs, although affirmed in every other material point.—Ib. § 1379. We need not say whether we approve this doctrine or not, as it does not arise in this case.

The rule we have announced is certainly a sound and just one.   It enables the chancellor to impose the burden of the litigation where he finds the fault to lie ; or to apportion the burden, where there has been mutual fault.   But, to call this discretion into exercise, the cause, either in whole or in part, must have been submitted to him for decision and decree. The judicial mind must have acted on some question of merit in the cause, before there can be a subject or predicate on which to exercise discretion.

The present case did not progress beyond the pleadings. There was an original bill, answers, and amended answers.   If, at this stage of the case, the complainant had dismissed his case

[Sykes v. Shows.]

by his own act, and not by any decree of the chancellor pronounced on pleadings or evidence, then it could not be said the judicial mind was called to act in the controversy. The case would have presented no field for the exercise of discretion. Whenever an actor or plaintiff declines to proceed further, and dismisses his own suit, he thereby takes on himself the costs he has caused to be incurred.—2 Dan. Ch. Pr. 1376* *et seq.;* Beames on Costs (22 Law Library), 228*; *Cooth v. Jackson,* 6 Ves. 12, 41; *Brooks v. Byam,* 2 Sto. Rep. 553; *Eastburn v. Kirk,* 2 Johns. Ch. 317; *Saunders v. Frost,* 5 Pick. 259; *Den v. Pidcock,* 7 Halst. 363; *Bruce v. Gale,* 2 Beasley (N. J. Ch.), 211; *Moses v. Dade,* 58 Ala. 211; *Wykam v. Wykam,* 18 Ves. 395, 423.

The present case is presented in a different aspect. After the original bill and the original answers were filed, the defendants purchased their peace, or purchased the complainant's cause of action. One term of the contract was, that complainant was to dismiss his suit. This he failed to do, and defendants were forced to set up the release, in bar of the further prosecution of the suit. They did this in an amended answer. They probably should have raised it by cross-bill; but no objection was made to the form of its presentation. *Moses v. Dade,* 58 Ala. 211; *Jones v. Clark,* at present term. Being raised by the pleadings, and the case going off on that defense, the exercise of the judicial function was necessarily called into requisition. This case is, therefore, brought directly within the rule, which allows to the chancellor a discretion in the imposition of costs; a discretion which we can not revise.

Affirmed.