(89 App. Div. 89.)

PEOPLE ex rel. McENROE v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department.  December 24, 1903.)

1. CIVIL SERVICE — REMOVAL FROM POSITION — MANDAMUS — RETURN — SUFFI-
CIENCY.
   Where an alternative writ of mandamus showed that the relator had been unlawfully removed from a competitive place in the civil service, a return setting up as defenses that the work could be performed by fewer employés, and that he was placed on the preferred list of suspended employés, but containing no denial of his removal, is insufficient, under Greater New York Charter, § 1543 (Laws 1901, p. 636, c. 466), providing that, if a position is abolished, the holder shall be suspended, to be reinstated if within a year there is need for his services, and Code Civ. Proc. § 2077, providing that the requirements concerning an answer, except as to verification and counterclaim, shall apply to the return to a writ of mandamus.

Appeal from Special Term, New York County.

Alternative writ of mandamus by the people, on the relation of Eugene J McEnroe, against James L. Wells and others, commissioners of taxes and assessments.  From an interlocutory judgment overruling his demurrer to each defense in the amended return, relator appeals.  Reversed.

Argued before VAN BRUNT, P. J, and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Edward A. Alexander, for relator.
Theodore Connoly, for respondents.

PATTERSON, J.  This is an appeal from an interlocutory judgment overruling the relator's demurrer to separate and distinct defenses contained in an amended return to an alternative writ of mandamus, and a technical question of pleading is alone brought up.

The amended return is insufficient as a pleading under the requirements of the Code of Civil Procedure.  It is alleged in the alternative writ that the relator was a deputy tax commissioner, holding a competitive place in the civil service of the city of New York; that, pur-

suant to a notice received by him from the commissioners, he was removed from his office as deputy tax commissioner; and the writ also contains allegations tending to show that such removal was unauthorized and illegal.  In the amended return there is no denial that the relator was removed from his office.  That return contains, first, a denial of an allegation of the alternative writ that no statement showing the reason for the relator's removal was filed with the commissioners or board of taxes and assessments, and also a denial of allegations of the writ that the reason given by the commissioners for the removal of the relator was a subterfuge to find some pretext for such removal, and that they endeavored to remove him because he was of a different political faith from them, and because he was and is a member of a political organization known in the city of New York and throughout the country as "Tammany Hall," and because the relator was connected and affiliated with a number of the persons of greatest influence in that organization.  The return also contains a denial of an allegation of the writ that the removal of the relator was irregular and without authority of law, and also a denial that the relator was entitled to salary, and that by the action of the commissioners he had been deprived of his salary, and is unable to collect the same, unless the action of the commissioners is set aside. After those denials, the respondent sets up certain matter pleaded as separate defenses.  In the first it is alleged that, prior to a date named, the board of taxes and assessments had determined that the work of the department could be performed efficiently with fewer deputy tax commissioners, and that a reduction could be made in the expenses of the department without impairing the efficiency of the service; that, pursuant to such determination, on the date named the relator's services, with others, were discontinued, for the reason that no necessity existed for the retention of his services, said suspension to take effect May 1, 1902.  Then, again, for a second separate defense, it is set up in the return that on the 2d of May, 1902, a communication was sent, by direction of the commissioner of taxes and assessments, to the secretary of the municipal civil service commission, informing said commission that the relator was discharged from the office or position of deputy tax commissioner, for the reason that his services were unnecessary.  For a third and separate defense, it is alleged that on or about the 2d of May, 1902, the relator's name was placed by the municipal service commission upon the preferred list of suspended employés, pursuant to the provisions of section 1543 of the Greater New York charter (Laws 1901, p 636, c. 466).

While what was decided in People ex rel. Levenson v. Wells, 78 App. Div. 373, 79 N. Y. Supp. 728, may be regarded as settling the rule of law sought to be applied by the respondents to the present case, yet that rule cannot be so applied, because of the condition of the pleadings.  Section 2077 of the Code of Civil Procedure, relating to the writ of mandamus, enacts that the provisions of chapter 6 of that Code, concerning the form and contents of an answer containing denials and allegations of new matter, except those provisions which relate to the verification of an answer and to a counter-

claim therein, apply to a return to an alternative writ of mandamus showing cause against obeying the command of the writ. For the purpose of the application, each complete statement of facts, assigning a cause why the command of the writ ought not to be obeyed, is regarded as a separate defense, and must be separately stated and numbered; and section 2078 of the Code provides that a person who has a return to an alternative writ of mandamus cannot be compelled to make a further return; but the relator may demur to the return, or to any complete statement of facts therein separately assigned as a cause for disobeying the command of the writ, on the ground that the same is insufficient in law, upon the face thereof. The allegation of the writ that the relator was removed from his office or position being nowhere denied, it stands admitted. What is stated in each separate defense, as it is set up, is insufficient as a defense without a denial of removal. Ivy Courts Realty Co. v. Morton, 73 App. Div. 335, 76 N. Y Supp. 687. Section 522 of the Code provides that each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer, must, for the purposes of the action, be taken as true, and each separate defense is incomplete and unavailable unless the defendant incorporates and makes part of his affirmative defense a denial of that which is the most material fact set forth in the writ. Douglas v. Phœnix Ins Co., 138 N. Y. 216, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448.

The demurrer to the amended return was well taken, and the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with liberty to the respondent to make another amended return within 20 days after the service of the order to be entered on the decision of this appeal, and 'on payment of costs in this court and in the court below. All concur.