(66 Misc. Rep. 181.)

### KRAUSS ENGINEERING CO. v. McKINNON.

(Supreme Court, Appellate Term. February 24, 1910.)

1. PLEADING (§ 120*)—AFFIRMATIVE DEFENSE.

　　A denial of an allegation of the complaint may be included in an affirmative defense.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 244; Dec. Dig. § 120.*]

2. PLEADING (§ 354*)—IRRELEVANT ALLEGATIONS—REMEDY.

　　Where the denial of an allegation of the complaint included in an affirmative defense is not necessary or relevant to the defense, the proper procedure is by motion to strike the denial.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1094, 1094½; Dec. Dig. § 354.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. PLEADING (§ 120*)—DENIAL.

The pleading in an affirmative defense of facts inconsistent with allegations of the complaint is not equivalent to a denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 244; Dec. Dig. § 120.*]

4. PAYMENT (§ 60*)—ANSWER—CROSS-DEMANDS—RECOUPMENT.

In an action by a corporation against its vice president for the conversion of money received by him for the corporation for services rendered and materials furnished by the corporation under a contract, an answer alleging that the vice president had spent the sum sued for in labor and materials in the performance of the contract and had received only the amount sued for, and that by reason thereof, if the corporation was entitled to receive the sum, it had been paid the same, was no more than a defense of recoupment, and not payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 144; Dec. Dig. § 60.*]

5. CORPORATIONS (§ 411*)—RECEIPT OF MONEY—PAYMENT.

A corporation has not been paid, when its vice president gets money to which its treasury is entitled.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1650; Dec. Dig. § 411.*]

6. CORPORATIONS (§ 309*)—CONTRACT BY OFFICER—REIMBURSEMENT OF EXPENDITURES.

A corporation, claiming the benefit of a contract which its vice president has in part executed at his own expense, must pay him his reasonable advances thereon.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1367; Dec. Dig. § 309.*]

7. PLEADING (§ 368*)—MOTION TO SEPARATELY STATE AND NUMBER DEFENSES —RELIEF.

The court, on motion to direct defendant to separately state and number the defenses in his answer, may not grant plaintiff alternative relief not prayed for.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1197; Dec. Dig. § 368.*]

8. COSTS (§ 57*)—MOTIONS—RELATING TO PLEADINGS.

Costs, on the denial of a motion to direct a defendant to separately state and number his defenses in his answer, should only be allowed where defendant pleaded according to the rules of code pleading, or where the motion is merely harassing, and not intended to subserve any useful purpose.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 241; Dec. Dig. § 57.*]

9. APPEAL AND ERROR (§ 984*)—IMPOSITION OF COSTS IN TRIAL COURT—REVIEW.

Appellate courts will not review the imposition of costs on a mere motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3883; Dec. Dig. § 984.*]

Appeal from City Court of New York, Special Term.

Action by the Krauss Engineering Company against Ronald J. McKinnon. From an order denying a motion to direct defendant to separately state and number the defenses set up in his answer, plaintiff appeals. Affirmed, without costs.

Argued before SEABURY, GUY, and WHITNEY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kahn & Hegt (Jonas J. Hegt, of counsel), for appellant.

Quigg & Coleman (Charles W. Coleman, of counsel), for respondent.

WHITNEY, J.   The action is for conversion of money received by the defendant, which the plaintiff claims was received by him in his capacity as vice president of the plaintiff company.   The plaintiff company alleges in its complaint that it entered into an agreement in writing with a third party, known as the Barnard Realty Company, to furnish certain labor and materials in connection with a steam heating plant, for which the said realty company agreed to pay the sum of $825.   They allege that all the conditions of this agreement were duly performed on their part, that the said realty company paid to the defendant on account of such contract the sum of $625, and that the defendant has converted this sum to his own use.   The answer, after denying all of the important allegations of the complaint, sets up as a single affirmative defense three paragraphs.

The first paragraph pleads facts inconsistent with one of the allegations of the complaint, and proof of which would be admissible under a denial thereof.   A denial of an allegation may be included in an affirmative defense, the purely technical decisions and dicta to the contrary having been overruled.   Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 215, 216, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; People ex rel. McEnroe v. Wells, 89 App. Div. 89, 92, 85 N. Y. Supp. 438; Haffen v. Tribune Association, 126 App. Div. 675, 677, 111 N. Y. Supp. 225; Devoe v. Lutz, 133 App. Div. 356, 361, 117 N. Y. Supp. 339.   If this were not so, a party would sometimes be deprived of a valid defense because his adversary had inserted a misrepresentation in the complaint.   In the present case, however, the denial is not necessary or relevant to the defense; nor is the pleading of inconsistent facts equivalent to a denial.   Rodgers v. Clement, 162 N. Y. 422, 428, 56 N. E. 901, 76 Am. St. Rep. 342.   It would have been proper to strike out the paragraphs, had defendant moved for that relief.   Haffen v. Tribune Association, supra.   It is to be disregarded.

The second paragraph sets forth that defendant has spent $626 in labor and materials necessary to the performance of the contract, and received but $625 on account thereof; and the third paragraph, that "by reason thereof, even if the plaintiff had been entitled to receive the * * * $625, * * * said plaintiff has already been paid the same in full."   The words "by reason thereof" show that the third paragraph is but the pleader's conclusion from the second, and that but one defense was intended or stated.   The pleader's conclusion is incorrect, and the facts stated in the second paragraph make out a defense of recoupment, not payment.   Plaintiff is not yet paid when its vice president gets money to which its treasury is entitled.   But, when it claims the benefit of a contract which its vice president has in part executed at his own expense, it must pay him his reasonable advances thereon.

Hence the relief sought was properly denied, and the court could not grant the plaintiff any alternative relief, since it asked for none. But, as the answer was so improperly drawn, we do not think that

costs should have been imposed in denying plaintiff's motion.   Costs upon such motions should only be allowed in favor of parties who have pleaded according to the rules of code pleading, or upon the denial of motions which are merely harassing, and plainly not intended to subserve any useful purpose.   We cannot disturb the order appealed from in this respect, as it is a wise rule of the appellate courts not to review the imposition of costs upon a mere motion (Joyce v. Mayor, 12 Abb. Prac. 309); but, while we affirm the order appealed from, we award no costs upon the appeal.

Order affirmed, without costs.

GUY, J., concurs.   SEABURY, J., concurs in result.