# Rogers *v.* Adams.

*Bill in Equity for Foreclosure of Mortgage; Cross-Bill for Cancellation, and to establish Trust for Wife.*

1. *Validity of mortgage, as against wife, when obtained by duress.*—Duress of the wife, practiced by the husband to obtain her signature to a mortgage, does not affect the validity of the mortgage, when the mortgagee was not privy to such duress, and did not connive at it, or in any way participate in it.

2. *When mortgagee is regarded as purchaser entitled to protection.*—An innocent mortgagee, who parts with value *in præsenti*, or incurs an obligation to do so *in futuro*, stands precisely as a purchaser of the absolute title, and is entitled to equal protection against secret trusts of which he had no notice.

3. *Alienation of homestead.*—Under the law which was of force in September, 1866, the homestead, when belonging to the husband, might be aliened, like any other land, by deed of husband and wife, signed by them, and acknowledged, or attested by one witness (Rev. Code, § 1535.)

4. *Acknowledgment and attestation of deed.*—An informal certificate of the acknowledgment of a deed, which fails to recite that the grantor *was known* to the officer (Rev. Code, § 1548 ; Code of 1876, § 2158), is fatally defective; yet, if it recites that the grantor signed the instrument in his presence, it may operate as an attestation.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 30th June, 1875, by Jesse L. Adams, against Zachariah Rogers and his wife, Mrs. Jane A. Rogers ; and sought to foreclose a mortgage on a house and lot in Tuskegee. The mortgage, which was made an exhibit to the bill, was dated the 13th September, 1866 ; purported to be given to secure the payment of a promissory note for $879.22, of even date with the mortgage, which was signed by said Rogers and wife, and payable to said Adams, or order, on the 1st April next after date ; was signed by said Rogers and wife, and to it was appended a certificate,

[Rogers v. Adams.]

signed " *W. G. Brewer*, J. P.", in these words : "State of Alabama, Macon county. Before me, W. G. Brewer, an acting justice of the peace in and for the said county, Z. Rogers and his wife, Jane A. Rogers, who, being informed of the contents of the within mortgage, signed the same, together with a note for $879.22, payable to J. L. Adams or order on the 1st day of April, 1867, in my presence, without reserve, on the day the same bears date. Witness my hand, this 13th September, 1866."

Answers were filed by both the defendants, admitting their signatures to the mortgage, but denying its validity ; said Rogers alleging that "said note is not in fact his note, neither was said mortgage in fact made by him, for the reason that, from the excessive use of intoxicating liquors, he was not in the full and proper exercise of his reasoning powers"; and Mrs. Rogers alleging that she signed the note and mortgage under duress and threats of personal violence on the part of her husband. Mrs. Rogers alleged, also, that the house and lot was bought and paid for with moneys belonging to her statutory separate estate ; and she filed a cross-bill, asking to have the mortgage cancelled, and to have the legal title to the land vested in her by the decree of the court.

On final hearing, on pleadings and proof, the chancellor held that the complainant was entitled to protection as a *bona fide* purchaser for a valuable consideration without notice ; and he therefore rendered a decree, dismissing the cross-bill, and foreclosing the mortgage. The appeal is sued out by Mrs. Rogers, who assigns each part of the final decree as error.

Geo. W. Gunn, and W. C. McIver, for appellant.

Abercrombie & Graham, *contra*.

SOMERVILLE, J.—The title of the house and lot here in controversy was originally in the husband of the appellant, one Zachariah Rogers, having been conveyed directly to him by deed. The wife, Jane A. Rogers, claims a secret equity in the property, which is based upon the alleged fact, that it was paid for with money belonging to her statutory separate estate, and that the husband wrongfully took the title in his own name.

The husband and wife both executed a mortgage upon it, on September 13, 1866, to the appellee, Adams, upon a present consideration, which, on the same day, was acknowledged before W. G. Brewer, a justice of the peace. The evidence shows Adams to have been entirely ignorant of the wife's

equity, which is set up by her in a cross-bill ·seeking appropriate relief. This bill is filled by Adams, seeking to foreclose his mortgage. The wife further resists the enforcement of the mortgage, on the two-fold ground, that it was obtained in its execution, by *duress* on the part of the husband; and that it was void as a conveyance, by reason of defects in the justice's certificate of acknowledgment, which are alleged to be fatal.

It is not claimed, or proved, that Adams, the mortgagee, was privy to, participated in, or was even aware of the alleged duress of Mrs. Rogers, by her husband. Conceding the truth of her averments in this respect, then, the case made would not authorize the impeachment of the mortgage, or affect its validity as against an innocent grantee, who is ignorant of, and entirely free from complicity in the wrong. The authorities seem clearly to sustain the proposition, that the title of a *bona fide* purchaser, for value, of property obtained by duress, is protected under such circumstances, and *a fortiori* where the attempt to reclaim is unreasonably delayed.—*Bozeman v. Freeman*, 58 Ga. 276. And this principle has been frequently held sound, as being applicable to cases where the husband has forced the wife, by threats or otherwise, to execute mortgages, or other conveyances, under a constraint destructive of her volition as a free agent.—*Green v. Scravage*, 19 Iowa, 461; *Talley v. Robinson*, 22 Gratt. (Va.) 888; *Moses v. Dade*, 58 Ala. 211.

The evidence shows, we think, that Adams was a *bona fide* purchaser for value, without any notice whatever, either of the alleged duress practiced on her by her husband, or of her secret equity in the mortgaged land; and if this is true, he is fully protected against both. An innocent *mortgagee*, who parts with value *in praesenti*, or incurs an obligation to do so *in futuro*, as a consideration for the execution of the mortgage, stands, in the eyes of the law, precisely as if he were a vendee of the absolute title, and is entitled to equal protection.—*Coleman v. Smith*, 55 Ala. 369; *Stone v. Bartlett*, 46 Me. 439; Bump on Fraud. Conv. p. 477; Code (1876), §§ 2166, 2200. The appellee comes fully within the operation of this principle.

It is urged by the appellant, however, that the mortgage in question is void, because of the defective certificate of acknowledgment before the justice. At the time of this transaction, which was prior to the constitution of 1868, the formalities requisite for the conveyance of a homestead were not different from those demanded by the statute for the valid conveyance of other real estate.—Rev. Code (1867), §§ 1535, 1544. Any land, whether occupied as a homestead or

[Rogers v. Adams.]

not, which was the property of the husband, might then be aliened by deed executed by one attesting witness, in all cases where the grantor signed his own name to the instrument of conveyance.—*Ib.* § 1535.

It must be conceded that the justice's certificate is not, in this case, in substantial compliance with the statutory form prescribed in section 1548 of the Revised Code. It fails to recite the material fact, that the grantor in the mortgage was *known* to the officer; and this defect was held to be fatal to the validity of an acknowledgment as such, in *Merritt v. Phenix*, 48 Ala. 87—a conclusion in which we fully concur. Yet it was decided in that case, and the principle was subsequently re-affirmed in *Sharpe v. Orme*, 61 Ala. 263, that such an acknowledgment may operate as a substitute for the attestation of a witness. The justice himself thus becomes a witness, and his signature an attestation, which was satisfactorily proved by his own deposition upon the hearing of the cause before the chancellor.

We think the mortgage to Adams was a valid conveyance, and the defenses set up to its enforcement must, for the above reasons, fail. The decree of the chancellor, so holding, is therefore affirmed,