# Walker *v*. Nicrosi.

### *Bill in Equity to foreclose Mortgage.*

1. *Equity pleading; sufficiency of plea by wife setting up undue influence of husband.*—Where a bill is filed for the foreclosure of a mortgage, alleged to have been executed by a man and his wife, a plea of the wife which avers that at the date of the execution of the note and mortgage involved in the suit, she was tne wife of the said mortgagor, who, by virtue of said relation, was in a position of trust and confidence to her and to her estate, that the debt to complainant which the mortgage was given to secure was the individual debt of her husband, that the complainant, though knowing the position of confidence occupied by the husband to the wife, accepted the wife as joint maker of said note and mortgage and as surety for her said husband, without the wife having any competent and independent advice respecting said transaction, and that the wife's signature to said note and mortgage was obtained by the undue influence of her husband, is insufficient to prevent the foreclosure of said mortgage, because it does not allege that the complainant ever participated in, induced or was privy to or had any notice of the alleged undue influence exercised by the husband upon his wife, in respect of the execution of said mortgage. (TYSON, J., *dissenting*.)

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, John B. Nicrosi, against the appellees, Hal T. Walker and his wife, Bessie W. Walker, for the foreclosure of a mortgage executed by the defendants to the complainant, to secure a note simultaneously executed by them to the complainant. The facts of the case are sufficiently stated in the opinion.

23c

[Walker v. Nicrosı.]

Upon the filing of a special plea by the defendant, Bessie W. Walker, which is copied in the opinion, the complainant filed exceptions to the sufficiency of said plea. The defendants also demurred to the bill, and filed a motion to dismiss the bill for the want of equity.

On the submission of the cause upon the exceptions to the sufficiency of the plea, and the demurrers to the bill, and the motion to dismiss the bill for the want of equity, the chancellor rendered a decree overruling the exceptions to the plea and the demurrers and the motion to dismiss. From the rendition of the decree overruling the complainant's exceptions to the sufficiency of the plea, the complainant appeals, and assigns the rendition thereof as error.

WATTS, TROY & CAFFEY, for appellants, cited *Summerhill v. Tapp,* 52 Ala. 227; *Pac. G. Co. v. Anglin,* 82 Ala. 492; *Bradford v. Greenway,* 17 Ala. 797; *Agnew v. Holt,* 67 Ala. 367; *Parker v. Roswald,* 78 Ala. 528.

GUNTER & GUNTER, *contra,* cited *Loeb v. McCullough,* 78 Ala. 536; *Holt v. Agnew,* 67 Ala. 368; *Noble v. Moses,* 81 Ala. 530; 2 Pom. Eq. Jur., § 963.

TYSON, J.—The only question presented by the record in this case is the sufficiency of the plea of Mrs. Bessie W. Walker, to the bill filed against her and her husband, Hal T. Walker, for the foreclosure of a mortgage executed by them upon certain lands assigned to the wife as part of her share of her father's estate.

The bill avers that "on the 4th day of October, 1883, the complainant loaned to the said Hal T. Walker and Bessie W. Walker sixteen hundred and fifty dollars, and as evidence of said loan the said Hal T. Walker and Bessie W. Walker executed and delivered to complainant, their promissory note, dated October 4th, 1883, and due October 1st, 1884, and to secure the payment of said note, executed and delivered the mortgage here sought to be foreclosed." It further appears from the bill that there was a marriage contract, declaring that the property of the said Bessie W. Walker, then Bessie

Ware, should be and remain for her sole and separate use, free from the debts and contracts of her husband, and according to the husband, certain interests in the rents and profits of her estate, for the term of his life. It further appears that on the 29th day of June, 1882, the city court of Montgomery, in equity, rendered a decree relieving the said Bessie W. Walker from the disabilities of coverture, and granting to her all the rights authorized by the statute.

It is averred in the plea of the wife, "that at the date of the execution of said note and mortgage, she was the wife of said Hal T. Walker, who by virtue of said relation, as well as by the terms of the marriage contract set out in said bill, was in a position of trust and confidence to her and to her estate, and that said debt to complainant, was and is the individual debt of said Hal T. Walker, and that complainant, well knowing the position of confidence towards respondent occupied by the said Hal. T. Walker, received and accepted respondent as joint maker of said note and mortgage, set out in said bill, and as surety therefor for said Hal T. Walker, without respondent having any competent and independent advice respecting her making said engagement for the security of said debt, and respondent pleads that her signature to said note and mortgage were obtained by the undue influence of said Hal T. Walker, and pleads the foregoing facts in bar of any relief against her."

The capacity of Bessie W. Walker to mortgage her property to secure her husband's debt, is not questioned. The defense presented by the plea is solely that her signature to the note and mortgage was obtained by the undue influence of the husband, and without independent advice.

The relation of husband and wife. is classed among what is termed "the confidential relations" of life, such as guardian and ward, attorney and client, trustee and cestui que trust, principal and agent; etc., in which influence is acquired by the one party and confidence reposed by the other.—*Holt v. Agnew*, 67 Ala. 360. "When in such relation the party subject to imposition, enters into a contract with or makes a disposition of property

to the other, from which detriment is sustained by the one, and benefit derived by the other, upon principles of public policy, there is no presumption of consent; the act or contract does not itself import it. The law casts the burthen of proving the transaction fair and just, and the free consent of him who sustains the detriment, and is subject to the influence, upon the party who takes the benefit, and in whom the trust is reposed." It is further held that where the disposition of the property of the one subject to the influence, is made to a third person, through the medium of the one in whom the confidence is reposed, such third person stands in respect to the transaction, in no better right than that of the medium occupying the trust relation; and the rights of a *bona fide* purchaser without notice not being involved.—*Noble, Admr., v. Moses,* 81 Ala. 530.

While the plea here does not disclose the existence of any confidential relation between appellant and Bessie W. Walker, nor that appellant had any knowledge of any undue influence being exercised by the husband to obtain the execution of the note and mortgage by the wife, it avers that appellant knowing of the confidential relation existing between the makers of the note, *accepted* the wife *as surety* for the husband. Appellant knew, therefore, from the relation, that the law presumed influence of the husband over the wife, and that there was no presumption of her consent to the execution of a mortgage for his known accommodation or benefit, and to her detriment. In such case, as is said in the case of *Espy v. Lake,* 10 Hare, 260, cited in *Noble, Admr. v. Moses Bros., supra,* a court of equity will not allow the security to be enforced against the person from whom it is taken, unless the court shall be satisfied that the security was given freely and voluntarily, and without any influence having been exercised by the party in whose favor the security was made, or by the party who was the medium or instrument in obtaining it.

In the case of *Holt v. Agnew, supra,* the question here considered was raised and the transfer from the wife to the creditor of the husband was sustained upon the

ground that it appeared from the evidence that it was made with her free and intelligent consent.

I am of the opinion, therefore, that there was no error in sustaining the plea.

The other members of the court hold the plea insufficient upon the ground that it is not alleged that the complainant either participated in or induced or was privy to or had any notice of the alleged undue influence exercised by Hal T. Walker upon his wife, Bessie W., in respect to the execution of the mortgage to complainant, upon the supposed security of which he parted with his money. As supporting this conclusion they rely upon the following authorities: *Moses et al. v. McDade*, 58 Ala. 211; *Dent v. Long*, 90 Ala. 172; *Rogers v. Adams*, 66 Ala. 600; *Moog v. Strang*, 69 Ala. 98; *Grider v. Am. F. L. Mortgage Co.*, 99 Ala. 281, 285, 286.

The decree of the city court is reversed and a decree here rendered holding the plea insufficient.

Reversed and rendered.