# Boddie *v.* Ward, *et al.*

*Bill to Set Aside Deed for Fraud and Undue Influence.*

(Decided June 4, 1907. 44 South. 105.)

1. *Trusts; Constructive Trusts; Undue Influence.*—Where a deed was executed to an administrator by the heirs of his decedent reposing in him the legal title for the benefit of the creditors of the estate, but conveying no beneficial interest in the estate to the administrator personally, the rule with respect to confidential relations has no application.

2. *Vendor and Purchaser; Undue Influence; Bona Fide Purchaser.* —Knowledge alone of a confidential relation is insufficient to support an investigation of the fairness of the transaction by a court of equity, and if the purchaser did not participate in or have notice of the undue influence alleged to have been exercised by his vendee in procuring the conveyance, he will be protected in his purchase.

3. *Administrators; Purchase of Estate from Heir.*—To entitle one to relief in equity from a deed executed by him to the administrator conveying the property of the estate procured by representations of the administrator, such representation must have been false.

4. *Cancellations of Instruments; Allegation of Bill.*—Where the bill alleges that the estate had been judicially declared insolvent at the time of the execution of the deed attacked, such allegation shows that the heir is without interest in the estate, and in order to relief against a deed so executed, the bill by the heir should negative the fact of insolvency and affirm the solvency of the estate.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

[Boddie v. Ward, et al.]

Bill by John B. Boddie against William C. Ward and another. From a decree dismissing the bill for want of equity, complainant appeals. Affirmed.

This is a bill filed by John B. Boddie against William C. Ward and William H. Woodward. After making the usual averments as to ages and residences of the parties thereto, it is alleged that John B. Boddie, Sr., father of complainant, died on the 13th day of October, 1890, while a resident of the state of Alabama and of the county of Jefferson, leaving certain heirs therein named; that at the time of his death he was seized and possessed of a large estate of both real and personal property, and that on November 14, 1890, William C. Ward was appointed administrator of this estate; that on November 22, 1890, Ward as such administrator filed his bill, removing the administration of the estate from the probate to the chancery court; that on August 9, 1892, upon petition filed by the administrator in the chancery court, the estate of said John B. Boddie was declared insolvent, of which proceeding complainant had no notice, being an infant at that time under the age of 14 years, that, while administering said estate, the said Ward procured to be passed by the Legislature of Alabama an alleged act giving him power and authority to sell the property of said estate without order of court at public or private sale; that the act will be found in Acts 190-91, at page 1335. It is alleged that said act is null and void, and violative of the Constitution of the United States and of the state of Alabama, in that it deprived complainant of his property without due process of law, and that it was a special or local law enacted for the benefit of individuals or corporations in cases which can be and are provided for by the general laws of the state. It is further alleged that petitioner, at the request of Ward and on a petition prepared by Ward just after complainant was 18 years of

age, had his disabilities of non-age removed by decree of the chancery court. It is alleged that this was done without the previous request to Ward made by complainant having expressed a desire of having his disabilities removed, and that complainant did not understand in what manner the decree would affect his legal status, nor was it explained to him by Ward or any one else. It is further alleged that complainant executed at the solicitation of Ward a deed to Ward as such administrator, conveying to said Ward all the right, title, and interest to the estate of John B. Boddie, except the lands which had been set apart as exempt and as dower, and that he was joined in said deed to Ward by Jennie C. Boddie, widow of the said John Boddie, deceased. A copy of the deed is attached. It is alleged that complainant received no consideration for the deed, and that the same was obtained from him by means of undue influence exercised by Ward while complainant was unadvised of his rights, and while confidential relations of trustees and beneficiary existed between them by reason of Ward's administration on the estate of his deceased father. It is also alleged that at that time he was only 19 years of age, and that his disabilities of non-age had been removed. He was inexperienced in such matters, and did not know what his rights were, or what the legal effect of said deed had on his interest in the estate. It is alleged that he reposed great confidence, etc., in Ward. It is alleged that by virtue of his deed and under the act the land described in the bill was sold by Ward, and deeds executed by him to William H. Woodward for part of said land, and to Gustave Hoerle and Francis Hoerle, and that afterwards the Hoerles conveyed to Woodward their undivided interest in the described property. It is averred that Woodward cannot claim the protection of a bona fide purchaser for value, as the deed from complainant and Jennie C. Boddie con-

stituted a link in the title and is expressly referred to in the deed from Ward to Woodward. It is alleged that a mortgage for $40,500 was paid off by Ward, the dower interest paid to Jennie C. Boddie, and the other money paid out on alleged debts or demands against the estate, and that complainant never received a cent. The deed which is made an exhibit is as follows: After reciting the history of the adminstration and the passing of the act and of the decree assigning dower and compensation in lieu of dower, and the desire that the administration of said estate shall be conducted with the least possible expense to the said estate and to assure the purchasers that they will buy a good and sufficient legal title thereto, and to enable the administrator to obtain the best possible price for the same in the market at private sale, recites as follows: "Now, therefore, we, Jennie C. Boddie, as heir at law of John C. Boddie, and John B. Boddie, Jr., in consideration of the premises and of the sum of $1 to us in hand paid by the said William C. Ward as administrator of the estate of John B. Boddie, deceased, do hereby grant, bargain, sell, and convey unto the said William C. Ward, as such administrator, and for the use and benefit of all persons interested in the estate of the said John B. Boddie, deceased, all the right, title, and interest of which the said John B. Boddie, deceased, died seized and possessed, save and excepting such land or lands heretofore set apart to the widow of the said John B. Boddie, deceased, and to the grantors herein as exemption, in and to all the land that belong to said Boddie and particularly to all the lands located and described as follows: (Here follows a description of the land)—together with all other lands belonging to the said estate in course of administration, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining. It is provided and it is the intention here-

of that if, after the sale of all the real estate belonging to the estate of said John B. Boddie and the application of the proceeds thereof to the payment of debts, anything remains, the same shall be paid over to the said John B. Boddie, Jr. The intention and meaning of this conveyance is to enable said administrator to sell and convey a good and sufficient legal title to the lands belonging to the estate of the said John B. Boddie, deceased." Next follows the deeds from Ward to Woodward and others, reciting the history of the transaction up to that time and conveying the land. Next follows the deed from Hoerle to Woodward. Both defendants entered motion to dismiss the bill for want of equity, which motion was granted, and complainant appeals.

WINKLER & MOORE, and A. O. LANE, for appellant.— The alleged special or private act of the general assembly is void.—Sec. 1, Art. 14, Constitution United States; Sec. 23, Art. 4, Constitution of Alabama, 1875; *Holman v. Bank of Norfolk,* 12 Ala. 369; *Jones v. Jones,* 95 Ala. 443; *Culberson v. Coleman,* 2 N. W. 124; *Rowan v. The State,* 30 Wis. 129; *Powers v. Brown,* 6 N. Y. 358. A confidential relation existed between Ward and Boddie. —*Johnson v. Johnson,* 5 Ala. 90; *Humphries v. Burleson,* 72 Ala. 1; *Ferguson v. Lowery,* 54 Ala. 510; *Malone v. Kelly,* 52 Ala. 532; 111 Ala. 572; 130 Ala. 584. Purchases by a trustee or administrator of the trust property or the property of the estate and contracts or transactions between a trustee or administrator on the one part and the beneficiary or heir on the other are presumptively fraudulent.—*Brothers v. Brothers,* 7 Ired. 156; *James v. James,* 55 Ala. 525; *Johnson v. Johnson, supra; Humphries v. Burleson, supra; Ferguson v. Lowery, supra; Malone v. Kelly, supra; Williams v. Powell,* 66 Ala. 20; *Shipman v. Furniss,* 69 Ala. 553; *Voltz v. Voltz,* 75 Ala. 562; *Noble v. Moses,* 81 Ala. 530. The

purchasers from Ward are chargeable with notice of the defects in his title and are bound by the recitals in his deed.—*State v. Connor,* 69 Ala. 217; *Dudley v. Witter,* 46 Ala. 685; 4 Md. 124; 136 Mass. 60; 39 Barb. 237; 159 Ill. 69; *Noble v. Moses,* 81 Ala. 544; s. c. 86 Ala. 407.

W. C. WARD, CHARLES G. BROWN, and CABANISS & BOWIE, for appellee.—Although the heir was not a party to the proceedings in insolvency, the decree of insolvency fixes the status of the estate and gives the creditors precedence of the heir.—*Eubank v. Clark,* 78 Ala. 73; *Chandler v. Winn,* 85 Ala. 301; *Thames v. Herbert,* 61 Ala. 340; *McGuire v. Shelby,* 20 Ala. 356. Although sold under a void decree, if the proceeds have been applied to the payment of debts the heir cannot assert his legal title to the prejudice of the purchaser.—*Fulen v. Woodstock I. Co.,* 87 Ala. 584. All the property of an estate except as otherwise provided is charged with the payment of the debts and may be sold for that purpose. —*Meadows v. Meadows,* 78 Ala. 240; *Dolan v. Dolan,* 89 Ala. 262; *Scott v. Ware,* 64 Ala. 174.

McCLELLAN, J.—The conveyance by complainant and another to the administrator, as such, of the estate of the intestate, Boddie, of whom complainant was an heir at law, was nothing more nor less than a deed of trust for the benefit of the creditors of the estate of the intestate, the subject of which was real estate descended to complainant burdened with liability in an event to be taken to pay the debts against intestate's estate. The administrator was constituted by the conveyance the repository of the legal title, which was impressed with the express trust to sell the property conveyed and to apply the proceeds thereof to the satisfaction of the demands of the creditors. The purpose and effect of the instrument is unmistakable. True, the creditors, not

being parties to the conveyance for their benefit, might have repudiated the arrangement; but no averment of such declination appears in the bill, nor are they made parties to the bill. So we must take it that the beneficiaries of the trust created expressly or impliedly accepted the provision made for their benefit.—2 Perry on Trusts, § 585. By this conveyance to the administrator as such Ward acquired no personal interest or right in the subject of the trust imposed to sell and apply the proceeds to the purpose provided, unless it be assumed, without any averment thereof, that the trustee was unfaithful to his duty as such in the performance of the duty and trust created by the instrument, which, for patent reasons, cannot and will not be assumed.

Conceding, then, but without deciding it, that a relation of trust and confidence existed between complainant and the administrator, in the matter and at the time of their transaction creating a trust for the benefit of the creditors, the general rule, oft repeated in the decisions of this court, anent contracts between parties occupying relations of confidence, cannot apply in this instance, for the reason that the repository of the complainant's confidence and trust, by which it is alleged the trustee under the deed imposed upon the confiding complainant and violated his duty by the exercise of undue influence, took personally no beneficial interest in or right to the subject of the conveyance.—*Holt v. Agnew*, 67 Ala. 368; *Humphreys v. Burleson*, 72 Ala. 5; *Malone v. Kelley*, 54 Ala. 532; *Ferguson v. Lowery*, 54 Ala. 510, 25 Am. Rep. 718; *Kidd v. Williams*, 132 Ala. 140, 31 South. 458, 56 L. R. A. 879; *McQueen v. Wilson*, 131 Ala. 606, 31 South. 94. The last-cited authority, while written in decision of questions arising from the execution of a will, declares the principle above asserted, viz., that the undue influence charged must be that a selfish purpose or end may be or is accomplished.

If brevity were not here important, we would prefer to quote from these adjudications. So that, whatever may have been the relation existing between the administrator as such and the complainant at the time of the execution of the deed, no effect can be accorded that fact, unless the intervention of the respondents Woodward and other purchasers of the property, for value paid, from the trustee under the deed, alters the status so that the general doctrine founded upon the relations of confidence is applicable.

We think, and so hold, that the principle decisive of the case of *Walker v. Nicrosi,* 135 Ala. 353, 33 South. 161, is likewise decisive, in this respect, of the case at bar. In *Walker v. Nicrosi, supra,* a plea was filed by Mrs. Walker, in which it was averred, in substance, that she was not the principal debtor, but her husband was; that the mortgage rested on her separate estate; that, besides the relation of confidence resulting from the fact that they were husband and wife, such relation was further emphasized by the existence of a marriage contract between them; that the mortgagee knew of this relation at the time the note and mortgage were executed; and that, notwithstanding this knowledge of the relation then existing, the mortgagee accepted Mrs. Walker as surety for her husband's debt, her signature to which instruments was obtained by the undue influence of Walker. There was no questioning of her legal capacity to become the surety for her husband. Passing upon the sufficiency of this plea this court held such "plea insufficient upon the ground that it is not alleged that the complainant either particpated in, or induced or was privy to, or had any notice of, the alleged undue influence exercised by Hal T. Walker upon his wife, Bessie W., in respect to the execution of the mortgage to complainant upon the supposed security of which he parted with his money."

The principle, which the cited case illustrates, is that one who purchases for value property of another unduly influenced to part therewith by a third party who occupies a position of confidence toward the assignor, releasor, or grantor will be protected under his contract or in acquired rights, unless the assignee, releasee, or grantee is privy to, participated in, induced, or had notice of the undue influence applied, and that mere knowledge or notice of the confidential relation existing at the time of the transaction between the parties so relationed will not avail to cast on the transaction suspicion and demand for explanation, or invoke an equity court's investigation and scrutiny, to see that the confiding party has been apprised of all information, and that fair treatment was accorded in the transaction by the one in whom confidence as reposed. The cases of *Moses v. Dade,* 58 Ala. 211, *Dent v. Long,* 90 Ala. 172, 7 South. 640, *Rogers v. Adams,* 66 Ala. 600, *Moog v. Strang,* 69 Ala. 98, and *Grider v. Mortgage Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58, cited in support of the conclusion announced by the court in *Walker v. Nicrosi, supra,* clearly and unequivocally do so, and also sustain the pronouncement made in the present appeal. The principle applied in this case demonstrates the want of equity in this bill; there being no charge in the bill of the requisite act or notice quoted, which must be done to afford this complainant any right to deprive the purchaser for value of the fruit of the transaction with the trustee under the deed.

Furthermore, and independent of the considerations stated, if it were conceded that any selfish benefit accrued to the administrator by virtue of the conveyance, the bill is equitably insufficient in another aspect. The execution of the deed is averred to have resulted from the representations made by the administrator, but is

entirely silent in averment that such representations were false in any respect.

Furthermore, the deed, in recital, shows that the estate was judicially declared insolvent. If that was the financial status of the estate, whether the decree of insolvency was binding on complainant or not, then the complainant was without interest in the estate. Hence, in order to give his bill equity, he must negative this recital, as well as affirm the solvency of the estate; and this, for the obvious reason that he is attacking the validity of a title consequent upon his deed, which was induced, he avers, by the representation of the personal representative, and with which he in no wise connects the purchaser for value.

The bill alleges no breach of the trust committed by the deed to the administrator as such, and, even if so it did, the purchaser for value must have been also connected therewith before his interest or title acquired by his purchase could be successfully assailed. Accordingly, the decree appealed from will be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.